**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry L. Richards et al., | No. CV-11-368-PHX-SMM |
| Plaintiffs, | **MEMORANDUM OF DECISION AND ORDER** |
| vs. | |
| Del Webb Communities, Inc., et al., | |
| Defendants. | |
| Del Webb Communities, Inc., et al., | |
| Third-Party Plaintiffs, | |
| vs. | |
| Uponor, Inc., et al., | |
| Third-Party Defendants. | |

Before the Court is Defendants'/Third-Party Plaintiffs' Motion to Dismiss Plaintiff's Complaint for Mootness. (Doc. 359.) Third-Party Defendants have joined with the motion. (Doc. 361.) Plaintiff has responded (Doc. 363), Defendants have replied (Doc. 365), and the Court heard oral argument on the matter on February 4, 2013. The Court will grant the motion and dismiss Plaintiff's case.

## BACKGROUND

This case concerns a putative class of homeowners, proposed to be represented by

1  Plaintiff Jerry Richards, who purchased homes in the Sun City Grand development in
2  Surprise, AZ. (Doc. 1.) These homes were built and sold by Del Webb Communities, Inc.,
3  Del Webb Home Construction, Inc. (collectively "Del Webb"), Pulte Homes Inc., Pulte
4  Home Corporation, and Pultegroup Inc. (collectively "Pulte"). (Id.) Plaintiff asserts that the
5  plumbing systems in these homes are compromised because the brass fittings manufactured
6  by third-party Uponor, Inc. ("Uponor"), are deteriorating. Plaintiff alleges that Defendants
7  breached implied contractual warranties by installing these defective systems.

8      Plaintiff initiated this lawsuit on February 24, 2011, and Del Webb and Pulte later
9  successfully moved to implead various Third-Party Defendants including Uponor, Ampam
10 Riggs Plumbing, Inc. ("AmPam Riggs"), Pratte Building Systems, LLC, Pratte Development
11 Company, Inc., and Pratte Holding Company, LLC, (collectively "Pratte"), who Del Webb
12 and Pulte asserted may also be liable for any damages. (Doc. 26; Doc. 36.)

13     On September 5, 2012, the Court denied without prejudice Plaintiff's first motion for
14 class certification, finding that Plaintiff's proposed class included members who lacked
15 standing due to Arizona's Statute of Repose, A.R.S. § 12-552(A). (Doc. 290 at 14-15.) The
16 Court granted Plaintiff until November 9, 2012 to file a second motion for class certification
17 containing a proposed class of members whose implied warranty of workmanship and
18 habitability claims are not barred by Arizona's Statute of Repose, A.R.S. § 12-552(A). (Id.)
19 This deadline was later extended by stipulation to December 7, 2012. (Doc. 323.)

20     On December 5, 2012, Plaintiff filed his "Motion to File First Amended Complaint
21 and Motion to Substitute Class Representative." (Doc. 334.) Then, on December 7, 2012,
22 Plaintiff filed his Second Motion to Certify Class. (Doc. 337.)

23     In Plaintiff's Motion for Leave to File First Amended Complaint and Motion to
24 Substitute Class Representative, he seeks leave to amend his complaint to substitute Robert
25 Grimes as the named plaintiff and proposed class representative in Plaintiff's place. Plaintiff
26 states that he sold his home in November, 2012, and thus is no longer a member of the class
27 and cannot be a representative. Grimes is another resident of the Sun City Grand
28 development, and Plaintiff asserts that Grimes can step into the shoes of class representative.

(Doc. 334).

Plaintiff's Second Motion for Class Certification seeks to address the Court's prior order denying class certification without prejudice due to the standing problems with the previously proposed class. Plaintiff proposes a new class definition of: "current owners of Sun City Grand homes in the City of Surprise, in the County of Maricopa, within the State of Arizona, who did not buy their homes directly from Defendants, and whose homes contain a F1960 Uponor yellow brass plumbing system, and are currently within all applicable statutes of limitation and repose (A.R.S. § 12-552(A))." (Doc. 337.)

On December 14, 2012, the Court held a telephonic hearing with the parties at the behest of Defendants. At the hearing, Del Webb requested leave to delay filing its response to Plaintiff's second motion for class certification. Del Webb requested leave to instead file a Motion to Dismiss Plaintiff's complaint on the grounds that by selling his home, Plaintiff's interest in the case had expired and he had no standing to continue the suit. The Court granted Del Webb's request, and set forth a revised schedule for the briefing of this issue. (Doc. 351.)

Now, Defendants file this Motion to Dismiss Plaintiff's Complaint for Mootness. (Doc. 359). In this motion (as well as in their Response to Plaintiff's motion to amend the complaint and substitute the class representative), Defendants argue that Plaintiff Jerry Richards, the only named plaintiff in this case, has no standing to continue this suit. Defendants contend that by voluntarily selling his home in November of 2012, prior to the filing of his motion to amend and his second motion to certify class, Plaintiff mooted his claim and the suit must therefore be dismissed.

## LEGAL STANDARDS

Article III of the Constitution limits the jurisdiction of the federal courts to "cases" or "controversies." U.S. Parole Commission v. Geraghty, 445 U.S. 388, 396 (1980). The mootness doctrine is embedded in the case or controversy requirement, and mandates that "an actual, ongoing controversy exist at all stages of federal court proceedings." Pitts v. Terrible Herst, Inc., 653 F.3d 1081, 1086 (9th Cir. 2011). Mootness has been described as

1   "the doctrine of standing set in a time frame: The requisite personal interest that must exist
2   at the commencement of the litigation (standing) must continue throughout its existence
3   (mootness)." Geraghty, 445 U.S. at 397.

4   Normally, when events subsequent to the filing of a case resolve the dispute between
5   the parties, the court "must dismiss the case as moot, because '[w]e do not have the
6   constitutional authority to decide moot cases.'" Pitts, 653 F.3d at 1087, quoting Foster v.
7   Carson, 347 F.3d 742, 747 (9th Cir. 2003) (internal citations omitted).

8   Special rules may apply in the context of class actions, however. Id. In Sosna v.
9   Iowa, the Supreme Court held that a class action is not rendered moot when the named
10  plaintiff's individual claim is mooted after a class has been duly certified. 419 U.S. 393
11  (1975). Thus, an Article III controversy "may exist . . . between a named defendant and a
12  member of the class represented by the named plaintiff, even though the claim of the named
13  plaintiff has become moot." Id. at 402.

14  Moreover, when a plaintiff's claim on the merits is "'capable of repetition, yet
15  evading review,' the named plaintiff may litigate the class certification issue despite loss of
16  his personal stake in the outcome of the litigation." Geraghty, 445 U.S. at 398. Therefore,
17  "where the named plaintiff does have a personal stake at the outset of the lawsuit, and where
18  the claim may arise again with respect to that plaintiff[,] the litigation then may continue
19  notwithstanding the named plaintiff's current lack of a personal stake." Id. However, when
20  there is no chance that the named plaintiff's expired claim will reoccur, "mootness can still
21  be avoided through certification of a class prior to expiration of the named plaintiff's
22  personal claim." Id.

### DISCUSSION

24  Defendants argue that when Plaintiff sold his home in November of 2012, his claim
25  against them became moot because the home was his only connection to the litigation. (Doc.
26  359 at 3.) Thus, Defendants contend that Plaintiff has no ongoing personal stake in the
27  outcome of this suit, and the Court must dismiss the complaint. (Id.) Plaintiff responds by
28  arguing that the case is not moot, because pursuant to Geraghty he maintains the procedural

right to represent the class despite the expiration of his individual claim. (Doc. 363 at 4.)

<u>Geraghty</u>, however, does not support Plaintiff's argument. That case arose from a class action complaint filed by Geraghty, a prisoner who had been denied parole and then challenged the constitutionality of the federal parole guidelines. 445 U.S. at 393. The district court denied Geraghty's motion for class certification and then granted summary judgment against him on the merits of his individual claim. <u>Id.</u> Geraghty appealed both the denial of certification and the decision on the merits to the Third Circuit Court of Appeals – but while his appeal was pending Geraghty was released from prison, thus mooting his individual claim. <u>Id.</u> at 394.

The Court of Appeals concluded that the litigation was not moot, reversed the district court's judgment, and remanded the case for further proceedings to evaluate the possibility of creating subclasses. <u>Id.</u> This ruling was based on the reasoning that if Geraghty's class had been certified by the district court, mootness of his personal claim would not have rendered the entire controversy moot pursuant to the Supreme Court's ruling in <u>Sosna</u>. <u>Id.</u> Thus, the court of appeals concluded that if the district court had erroneously denied Geraghty's certification motion, and the district court then on remand granted certification, Geraghty's certification would "relate back" to the date of the original denial of the motion, prior to the mooting of his claim, therefore preserving jurisdiction. <u>Id.</u>

The U.S. Supreme Court thus took up <u>Geraghty</u> in this procedural posture, and framed the issue as: "whether a trial court's denial of a motion for certification of a class may be reviewed on appeal after the named plaintiff's personal claim has become 'moot.'" <u>Id.</u> at 390. The Court affirmed the Third Circuit's decision, noting that a plaintiff who brings a class action presents two distinct issues for resolution: (1) the claim on the merits, and (2) the claim that he is entitled to represent a class. <u>Id.</u> at 402. Therefore, "'[t]he denial of class certification stands as an adjudication of one of the issues litigated.'" <u>Id.</u>, citing <u>Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper</u>, 445 U.S. 326, 336 (1980).

The Court held, therefore, that "an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, even though class

- 5 -

1  certification has been denied." Id. at 404.  However, this holding was explicitly "limited to
2  the appeal of the denial of the class certification motion." Id. at 404.  As the Third Circuit
3  later noted, the Geraghty Court, "[r]ecognizing the potential breadth of this theory of
4  third-party standing," "took pains to limit" the holding's application:

> If Geraghty had lacked an individual grievance with the prison system when he moved for class certification, only the claims of absent "class" members could have supplied the requisite controversy. To allow a motion to proceed on that basis would eliminate the long-standing rule, reaffirmed in Geraghty, that the parties must have a "'legally cognizable interest in the outcome'" at all stages of the litigation.  Therefore, the Geraghty Court made clear that *the named plaintiff's attempt to represent the class was justifiable only because, at the time he moved for class certification, he possessed an interest in the outcome of the case*.

Lusardi v. Xerox Corp., 975 F.2d 964, 975 (3rd Cir. 1992) (internal citations omitted) (emphasis added).

Thus, Geraghty does not stand for Plaintiff's assertion that his claim of a procedural right to represent a class is a sufficient personal stake in the litigation for the purpose of filing a new motion for class certification or a motion to amend the complaint.  Rather, Geraghty allows only that a named plaintiff whose claim becomes moot after denial of class certification retains standing to appeal the district court's denial.

Here, Plaintiff sold his home in November, 2012, prior to filing his second motion for class certification or his motion to amend the complaint to substitute Robert Grimes as proposed class representative.  Thus, Plaintiff's individual claim against Defendants was already moot, divesting the Court of jurisdiction over the suit, and necessarily over any motions Plaintiff might file from that point on.

Plaintiff further contends, however, that the "capable of repetition, yet evading review" exception to the mootness doctrine applies in this case and prevents dismissal of the action. (Doc. 363 at 5.)

As discussed above, this exception allows that some claims "are so inherently

1  transitory that the trial court will not have even enough time to rule on a motion for class
2  certification before the proposed representative's individual interest expires." Pitts, 653 F.3d
3  at 1091. Inherently transitory claims are "those that will certainly repeat as to the class,
4  either because '[t]he individual could nonetheless suffer repeated [harm]' or because 'it is
5  certain that other persons similarly situated' will have the same complaint." Id. Thus, the
6  exception is applied in these contexts in order to avoid "the spectre of plaintiffs filing lawsuit
7  after lawsuit, only to see their claims mooted before they can be resolved." Id.

8  Plaintiff contends that this exception applies because during the pendency of this
9  action, the Arizona Supreme Court's decision in Albano v. Shea Homes Ltd. P'ship held that
10 class action legal tolling does not apply to Arizona's construction defect statute of repose.
11 227 Ariz. 121, 127 (2011). Thus, the claims of the proposed class members in this case
12 (other homeowners in Sun City Grand), would be subject to expiration under the statute of
13 repose if this action is dismissed and they were unable to file another class action within the
14 statutory period. Therefore, Plaintiff contends, this claim is transitory by its very nature.
15 (Doc. 363 at 5.)

16 Defendants disagree, arguing that home ownership is not transitory, and the cause of
17 mootness here was "not the natural passage of time, or even circumstances outside of
18 Richards' control." (Doc. 359 at 6.) Rather, Plaintiff voluntarily chose to sell his home, and
19 makes no showing that he may be subject again to the same injury or that claims such as his
20 repeatedly evade review.

21 Defendants' argument on this point is more compelling. Plaintiff has the burden of
22 showing that an exception to the mootness doctrine applies. See Johnson v. Rancho
23 Santiago Cmty. Coll. Dist., 623 F.3d 1011, 1021 (9th Cir. 2010). Plaintiff cannot meet that
24 burden here, because as Defendants point out, his choice to sell his home does not serve to
25 make claims of this kind "inherently transitory."

26 Plaintiff's third main argument is that the Court should consider his second class
27 certification motion before taking up any standing issues. (Doc. 363 at 4-5.) Plaintiff
28 contends that, "assuming the Court does not first grant Plaintiff's motion to substitute Robert

1   Grimes as class representative and motion to amend his Complaint," class certification issues
2   should be decided before Article III standing issues. (Id.) In support of this proposition,
3   Plaintiff cites only to Ortiz v. Fibreboard Corp., 527 U.S. 815, 816 (1999).

4   However, Plaintiff's reliance on this case is misplaced, as it does not hold that "where
5   both standing and class certification issues are presented concurrently, the district court
6   should address class certification first," as Plaintiff claims. (Doc. 363 at 5.) Rather,
7   Plaintiff's cited portion of Ortiz relies on Amchem Prods., Inc. v. Windsor, a case in which
8   the Supreme Court upheld the appeals court's decision to deny class certification prior to
9   delving into standing issues in order to avoid unnecessary constitutional questions of Article
10  III standing. 521 U.S. 591 (1997). As Defendants rightly point out, neither Ortiz, nor
11  Amchem on which it relies, stand for the proposition that a district court may certify a class
12  in order to cure issues of standing. (Doc. 365 at 8.)

13  Plaintiff also claims, in a footnote aside, that he "possesses a claim for diminution in
14  value for damages during the time he owned his Sun City Grand home." (Doc. 363 at 4 fn.
15  4.) Plaintiff fails to cite to any supporting authority for this proposition, however.
16  Moreover, as Defendants note, neither Plaintiff's motion to amend the complaint and
17  substitute the class representative, nor his second motion for class certification, assert any
18  claims on behalf of former Sun City Grand homeowners. (Doc. 365 at 6.) Defendants argue
19  therefore that even if Plaintiff were able to make a prima facie showing of a claim for
20  diminished value in the home he sold, that interest would not give Plaintiff the right to
21  represent a class of current Sun City Grand homeowners. (Id.)

22  Certainly, Plaintiff has failed to support his cursory assertion that his personal interest
23  in this case is no longer moot due to his alleged claim for diminution in value. Nor does
24  Plaintiff attempt to explain how such an interest, even if extant, would suffice under Rule
25  23 Fed. R. Civ. P. for his representation of a class of current Sun City Grand homeowners.
26  Therefore, the Court finds Plaintiff's argument here without merit.

27  Finally, the Court notes that Plaintiff briefly states that "Robert Grimes has moved
28  to substitute into the action, and he is prepared to move to intervene if that becomes

necessary. See e.g., Kennerly v. United States, 721 F.2d 1252, 1260 (9th Cir. 1983)." (Doc. 363 at 4.) Thus, Plaintiff appears to suggest that in the event that the Court finds Plaintiff's individual claims mooted and is inclined to dismiss, a motion to intervene by Grimes could serve to prevent dismissal of the suit.

This contention is not directly supported by Kennerly, nor does Plaintiff offer any explanation as to why Grimes would be a proper intervenor in this suit in any event. In Kennerly, the district court had neither granted nor denied a motion for class certification, and thus when the Ninth Circuit reversed the district court's decision on the merits, it remanded to the district court "for consideration of possible intervention by other members of the putative class." 721 F.2d at 1260. It is unclear from the opinion in Kennerly whether there was a pending motion for class certification in the district court – but it is clear that "[t]here was neither a denial of class certification nor a formal certification order." Id. at 1260 n.3. Thus, Kennerly is distinguished from the present case, where the Court had already denied Plaintiff's class certification motion, and there was no new motion for class certification pending at the time Plaintiff's claim became moot.

In any event, the Kennerly court merely instructed the district court on remand to *consider* whether other putative class members might have relied on the plaintiff's asserted representation of the class, and thus whether intervention by one of those members would be appropriate. Id. at 1260. As the court in Sze v. INS later noted, the reliance considered in Kennerly was the putative class members' potential reliance on the "relation back" of their claims to the date that the named plaintiff filed its motion for class certification, which had not been ruled on by the district court. 153 F.3d 1005, 1010 (9th Cir. 1998).

Here, Plaintiff admits that class action legal tolling does not apply to Arizona's construction defect statute of repose, pursuant to Albano. (Doc. 363 at 5.) Plaintiff also states that Robert Grimes brought his own individual claim against Defendants in a currently pending state court case (Ash, et al. v. Del Webb Communities, Inc., et al., CV2012-006568), "within all applicable statutes of limitation and repose." (Doc. 364.) Thus, even were there a pending motion for class certification before Plaintiff's claim were

- 9 -

1  mooted, Grimes has no need to rely on a potential "relation back" in order to maintain his
2  individual claim against Defendants, nor could he so rely due to the decision in Albano.
3  And, as has been repeatedly noted, there was no pending motion for class certification in this
4  case at the time Plaintiff's claims became moot. Therefore, Plaintiff's argument that Grimes
5  would be a proper intervenor lacks support.

## CONCLUSION

On November 12, 2012, when Plaintiff sold his home, he mooted his claims in this case, which rested on allegations of anticipated damage to the home based on the use of the yellow brass fittings. As of that date, Plaintiff was without standing in this case to make his motion for class certification or his motion to amend the complaint to substitute Richard Grimes as class representative. No class had been certified in this case, and thus the Court cannot substitute a class representative. Article III standing requirements demand that the named party's interest in the case be ongoing throughout the litigation, and because no class had yet been certified when Plaintiff's claim became moot, the Sosna exception for class actions does not apply.

Under Geraghty, Plaintiff does still retain standing to an extent – that is, the standing to appeal the Court's decision denying his first motion for class certification. However, Geraghty's holding is clearly limited to such an appeal, and does not stand for the proposition that Plaintiff can forward a new motion for class certification or a motion to amend his original complaint, now that his individual claim is moot. Nor does the "inherently transitory" exception to mootness apply, as construction defect claims are not of a type "repetitive yet evading review." Plaintiff chose to sell his home, which was his connection to this suit. Now that his claim is moot, the Court has no jurisdiction over the suit, and it must be dismissed.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED granting** the motion to dismiss. (Doc. 359.) The Clerk of Court shall **dismiss with prejudice** all claims in this matter.

**IT IS FURTHER ORDERED dismissing as moot** all pending motions in this case.

- 10 -

1  (Doc. 331; Doc. 332; Doc. 334; Doc. 337.)

2  **IT IS FURTHER ORDERED** that the Court shall retain jurisdiction in this case for the limited purpose of enforcing the protective order entered on July 30, 2012 (Doc. 255), as modified on February 6, 2013 (Doc. 371).

5  DATED this 8th day of February, 2013.

*(signature)*

Stephen M. McNamee
Senior United States District Judge