1    **WO**

2

3

4

5

6

7                    **IN THE UNITED STATES DISTRICT COURT**

8                      **FOR THE DISTRICT OF ARIZONA**

9

10   Jerry L. Richards et al.,                    )   No. CV-11-368-PHX-SMM
                                                  )
11                  Plaintiffs,                    )   **ORDER**
                                                  )
12   vs.                                           )
                                                  )
13   Del Webb Communities, Inc., et al.,          )
                                                  )
14                  Defendants.                    )
                                                  )
15   _____          )
     Del Webb Communities, Inc., et al.,          )
16                                                 )
                    Third-Party Plaintiffs,        )
17                                                 )
     vs.                                           )
18                                                 )
     Uponor, Inc., et al.,                         )
19                                                 )
                    Third-Party Defendants.        )
20                                                 )
     _____          )
21

22          Before the Court is Defendants/Third-Party Plaintiffs Del Webb's Motion to Alter or

23   Amend Judgment and Motion for Relief from Judgment and Order Re: February 8, 2013,

24   Memorandum of Decision and Order and February 11, 2013 Judgment. (Doc. 379.) Third-

25   party Defendants Uponor and Ampam Riggs have Responded (Docs. 381, 382), Del Webb

26   has Replied (Doc. 383), and the matter is fully briefed.  After reviewing the briefs, and

27

28

1  having determined that oral argument is unnecessary,[1] the Court will grant the Motion to

2  Amend to the limited extent of modifying the Court's prior dismissal to be without prejudice.

3  **BACKGROUND**

4        Plaintiff Jerry L. Richards initiated this lawsuit on February 24, 2011, and Del Webb

5  and Pulte later successfully moved to implead various Third-Party Defendants including

6  Uponor, Ampam Riggs Plumbing, Inc. ("AmPam Riggs"), Pratte Building Systems, LLC,

7  Pratte Development Company, Inc., and Pratte Holding Company, LLC, (collectively

8  "Pratte"), who Del Webb and Pulte asserted may also be liable for any damages. (Doc. 26;

9  Doc. 36.)

10        On February 11, 2013, the Court granted Del Webb's Motion to Dismiss Plaintiff's

11  Complaint for Mootness, which was joined by Third-party Defendants. (Doc. 372.) The

12  Court's order granting the motion directed the Clerk of Court to dismiss all claims in this

13  matter with prejudice. (Id. at 11.) This necessarily included Del Webb's claims against

14  Third-party Defendants, and accordingly the Clerk of Court entered judgment dismissing all

15  claims with prejudice. (Doc. 373.) In its order, the Court did not discuss its reasoning for

16  dismissing these third-party claims, nor was dismissal of those claims sought in the Motion

17  to Dismiss which was the subject of that order.

18        Del Webb now asks this Court to reconsider and alter the Judgment, either to maintain

19  supplemental jurisdiction over Del Webb's third-party claims, or in the alternative to alter

20  the dismissal of those claims to dismissal without prejudice. (Doc. 379.)

21  **LEGAL STANDARD**

22        A federal court may exercise supplemental jurisdiction over other claims in the same

23  case or controversy as a claim within the district courts' original jurisdiction. 28 U.S.C. §

24  1367. However, "pendent jurisdiction 'is a doctrine of discretion, not of plaintiff's right,'"

25

26

27       [1] Defendant's request for oral argument is denied because the parties have had an adequate opportunity to present their written arguments, and oral argument will not aid the Court's decision. See Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev., 933 F.2d

28  724, 729 (9th Cir. 1991).

1   and district courts "can decline to exercise jurisdiction over pendent claims for a number of
2   valid reasons." <u>City of Chicago v. Int'l Coll. of Surgeons</u>, 522 U.S. 156, 172, (1997) (citing
3   <u>Mine Workers v. Gibbs</u>, 383 U.S. 715, 726, (1966)).  Thus, "district courts [should] deal with
4   cases involving pendent claims in the manner that best serves the principles of economy,
5   convenience, fairness, and comity which underlie the pendent jurisdiction doctrine."  <u>Id.</u> at
6   172-173.

7   **DISCUSSION**

8       Del Webb argues that this Court should elect to take supplemental jurisdiction over
9   its third-party claims.  (Doc. 379 at 3-4.)  Del Webb argues that this would further judicial
10  economy, efficiency, and fairness because this action was filed in February 2011, and Del
11  Webb anticipates that the third-party claims could potentially be settled or resolved through
12  motions practice with little discovery.  (<u>Id.</u>)

13      The Court disagrees, and declines to exercise supplemental jurisdiction over these
14  claims.  Although this case has history in this Court, the Court finds no compelling reason
15  to retain jurisdiction over these state-law claims.  Del Webb has an adequate opportunity to
16  pursue these claims in state court.  However, Del Webb's motion will be granted to the extent
17  of modifying the Court's prior order to a dismissal without prejudice of Del Webb's third-
18  party claims.

19  **CONCLUSION**

20      Accordingly, for the foregoing reasons,

21      **IT IS HEREBY ORDERED granting** the Motion to Amend to the limited extent
22  of modifying the Court's prior order to dismissal of Del Webb's third-party claims without
23  prejudice.  (Doc. 379.)

24      **IT IS FURTHER ORDERED amending** the Court's order of February 11, 2013.
25  (Doc. 372.)  Del Webb's third-party claims are hereby **dismissed without prejudice**.

26      **IT IS FURTHER ORDERED** directing the Clerk of Court to amend the related
27  Judgment located at Doc. 373, to reflect that Del Webb's third-party claims are **dismissed**
28  **without prejudice.**

1      DATED this 8th day of May, 2013.

2

3

4                        Stephen M. McNamee

                       Senior United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28