**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry L. Richards et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>Del Webb Communities, Inc., et al.,<br><br>        Defendants.<br>_____<br>Del Webb Communities, Inc., et al.,<br><br>        Third-Party Plaintiffs,<br><br>vs.<br><br>Uponor, Inc., et al.,<br><br>        Third-Party Defendants.<br>_____ | No. CV-11-368-PHX-SMM<br><br>**ORDER** |

Before the Court is Defendants/Third-Party Plaintiffs Del Webb's Motion for Attorneys' Fees, Expert Fees, and Non-taxable Expenses. (Doc. 374.) Plaintiff Jerry L. Richards has responded, Del Webb has replied, and the matter is fully briefed. (Docs. 385, 388, 394.) After reviewing the briefs, and having determined that oral argument is unnecessary, the Court will grant the motion.[1]

---

[1] The parties' request for oral argument is denied because the parties have had an adequate opportunity to present their written arguments, and oral argument will not aid the Court's decision. See Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev., 933 F.2d 724, 729 (9th Cir. 1991).

## BACKGROUND

Plaintiff Jerry L. Richards initiated this lawsuit on February 24, 2011, and Del Webb and Pulte later successfully moved to implead various Third-Party Defendants including Uponor, Ampam Riggs Plumbing, Inc. ("AmPam Riggs"), Pratte Building Systems, LLC, Pratte Development Company, Inc., and Pratte Holding Company, LLC, (collectively "Pratte"), who Del Webb and Pulte asserted may also be liable for any damages. (Doc. 26; Doc. 36.) The factual and procedural background of this case being well known to the parties and not relevant for the issues pending before the Court at this time, the Court will decline to repeat the entire history of the lawsuit here.

On February 11, 2013, the Court granted Del Webb's Motion to Dismiss Plaintiff's Complaint for Mootness, which was joined by Third-party Defendants. (Doc. 372.) The Court granted the motion and dismissed the complaint, on grounds that by selling his home during pendency of the litigation, Plaintiff had mooted his claim and the Court had therefore lost subject matter jurisdiction over the suit. The Court's order granting the motion directed the Clerk of Court to dismiss Plaintiff's claims against Del Webb with prejudice. (Id. at 11.)

Del Webb thereafter brought its motion for attorney fees and costs.

## LEGAL STANDARD

Arizona substantive law governs the award of fees. See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 260 n.31 (1975) (stating that a court sitting in diversity must apply the forum state's attorney fee law if it does not conflict with any federal law, and it represents the "substantial policy" of the state); Carnes v. Zamani, 488 F.3d 1057, 1059 (9th Cir. 2007) (stating that in a diversity action, the question of attorney's fees is governed by state law).

Plaintiff filed his Complaint in this case pursuant to Arizona's Purchaser Dwelling Act ("PDA"), A.R.S. § 12-1361, *et seq.* The PDA provides for the award of attorney's fees and expert fees to the successful party in a contested dwelling action:

> [i]n any contested dwelling action, the court shall award the successful party reasonable attorney fees, reasonable expert witness fees and taxable costs. If the seller's offer, including

> any best and final offer, is rejected and the judgment finally obtained is less than or less favorable to the purchaser than the offer or best and final offer, the seller is deemed to be the successful party from the date of the offer or best and final offer. If the judgment finally obtained is more favorable to the purchaser than the seller's offer or best and final offer, the purchaser is deemed to be the successful party from the date of the offer or best and final offer. This section shall not be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney fees.

A.R.S. § 12-1364.

In Arizona, the trial court has broad discretion in fixing the amount of attorney's fees. Associated Indemnity Corp. v. Warner, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985). This discretion is limited only to the extent that "such award may not exceed the amount paid or agreed to be paid." Lacer v. Navajo County, 141 Ariz. 392, 396, 687 P.2d 400, 404 (App.1984). In Arizona, the burden is on the party opposing the fees to show unreasonableness. McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons, 216 Ariz. 266, 271, 165 P.3d 667, 672 (App. 2007). In corporate and commercial litigation between fee-paying clients, the beginning point is the determination of the actual billing rate which the lawyer charged in the particular matter because the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case. See Schweiger v. China Doll Rest., 138 Ariz. 183, 187–88, 673 P.2d 927, 931–32 (App. 1983).

Under Schweiger, a prevailing commercial litigant is entitled to recover a reasonable attorney's fee for services which at the time rendered would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest. S&R Properties v. Maricopa County, 178 Ariz. 491, 505, 875 P.2d 150, 164 (App. 1993). Fees for the services of legal assistants and law clerks are recoverable as attorney's fees because legal assistants and law clerks have legal training and knowledge that can contribute to the attorney's preparation of a legal matter. See Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Bach, 193 Ariz. 401, 403, 973 P.2d 106, 108 (1999).

This Court's Local Rules establish additional guidelines for determining reasonable

attorney's fees, including: (A) the time and labor required of counsel; (B) the novelty and difficulty of the questions presented; (C) the skill requisite to perform the legal service properly; (D) the preclusion of other employment by counsel because of the acceptance of the action; (E) the customary fee charged in matters of the type involved; (F) whether the fee contracted between the attorney and the client is fixed or contingent; (G) any time limitations imposed by the client or the circumstances; (H) the amount of money, or the value of the rights, involved, and the results obtained; (I) the experience, reputation and ability of counsel; (J) the "undesirability" of the case; ( K) the nature and length of the professional relationship between the attorney and the client; (L) awards in similar actions; and (M) any other matters deemed appropriate under the circumstances. LRCiv 54.2(c)(3).

**DISCUSSION**

Del Webb moves for an award of $672,503.18, representing attorney fees, expert fees, and non-taxable costs. (Doc. 385 at 3.) Plaintiff argues against such an award on three grounds: (1) that the Court has no jurisdiction to award fees because it dismissed Plaintiff's Complaint for lack of subject matter jurisdiction; (2) the Court has no jurisdiction to award fees because it never had jurisdiction over the case from the outset due to Plaintiff's failure to comply with provisions of the PDA; and (3) that even if Del Webb is entitled to an award, the amount Del Webb requests is unreasonable and excessive, and should thus be reduced. (Doc. 388.) Plaintiff also argues that Del Webb cannot recover non-taxable costs under the PDA. (Id.)

**I.     The Court's Authority to Award Attorney Fees**

Plaintiff argues first that the Court lacks authority to award attorney fees at this point in the litigation because the Court dismissed Plaintiff's Complaint for lack of subject matter jurisdiction. (Doc. 388 at 4-8.) According to Defendant, once the Court dismissed Plaintiff's claim on mootness grounds, the Court lost the power to award attorney fees. This argument is without merit.

"It is well established that a federal court may consider collateral issues after an action is no longer pending." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990).

1   Thus, district courts may award costs after an action is dismissed for want of jurisdiction, and
2   "motions for costs or attorney's fees are 'independent proceeding[s] supplemental to the
3   original proceeding and not a request for modification of the original decree.'" Id., citing
4   Sprague v. Ticonic National Bank, 307 U.S. 161 (1939). "No Article III case or controversy
5   is needed with regard to attorneys' fees as such, because they are but an ancillary matter over
6   which the district court retains equitable jurisdiction even when the underlying case is moot."
7   Zucker v. Occidental Petroleum Corp., 192 F.3d 1323, 1329 (9th Cir. 1999).

8         The Court retains authority to award attorney fees in this case despite the fact that it
9   was divested of subject matter jurisdiction when the Plaintiff's suit became moot. Plaintiff's
10  arguments to the contrary rely on cases where the court disclaiming authority to rule on
11  attorney fee awards never had jurisdiction at the outset of the litigation. (See e.g., Skaff v.
12  Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832, 837 (9th Cir. 2007) ("A court that lacks
13  jurisdiction at the outset of a case lacks authority to award attorneys' fees.). Thus, the mere
14  fact that Plaintiff's claim became moot during pendency of this litigation does not by itself
15  divest the Court of its authority to award attorney fees if appropriate.

16        Plaintiff next argues that the Court did, in fact, lack subject matter of this entire suit
17  from the outset of litigation, and therefore cannot award attorney fees, citing Skaff. (Doc.
18  388 at 8.) Plaintiff argues that subject matter jurisdiction was always lacking because he did
19  not fully comply with the PDA, which is a subject matter jurisdiction statute. (Id.) The
20  PDA, among other requirements, provides that at least ninety days before filing a contested
21  dwelling action, the purchaser "shall give written notice by certified mail, return receipt
22  requested, to the seller specifying in reasonable detail the basis of the dwelling action."
23  A.R.S. § 12-1363(A).

24        According to Plaintiff, at the time he filed this suit there was uncertainty in the law
25  as to whether the tolling action of the PDA applied to class actions. As a result, Plaintiff did
26  not comply with the ninety-day notice requirement, but instead served Del Webb with the
27  notice of defects required by Section 12-1363(A) on the same date that he filed his Complaint
28  in this Court. Plaintiff alleges that Del Webb never objected to Plaintiff's failure to comply

with A.R.S. § 12-1363(A), but notes that Third-Party Defendant Ampam raised Plaintiff's failure to give adequate notice to Del Webb as a defense against Plaintiff in its Answer to Del Webb's Third-Party Complaint. Plaintiff argues thus that because he did not comply with the PDA prior to filing this suit, the Court lacked jurisdiction at the outset.

The Court agrees that if it was without subject matter jurisdiction from the outset of this litigation, it would not have jurisdiction to award attorney fees. The Court disagrees, however, that Plaintiff's technical failure to comply with the notice requirements of the PDA prior to filing his claim operated to prevent the Court from having jurisdiction over the suit. Although Plaintiff rightly notes that the PDA is a jurisdictional statute, Plaintiff offers no support for his contention that the notice requirement of A.R.S. § 12-1363(A) is a jurisdictional requirement, rather than merely a non-jurisdictional procedural element. Accordingly, Plaintiff's contention that the Court lacked subject matter jurisdiction over this case from the very beginning is without merit. Thus, the Court finds that Del Webb is entitled to an award of attorney fees under the PDA as the successful party in this action. Therefore, the Court proceeds to evaluate the reasonableness of Del Webb's requested award.

## II.   Reasonableness of the Requested Award

Defendant requests a total of $672,503.18, representing attorney fees ($510,753.37), expert fees ($138,349.58), and non-taxable costs ($23,400.23)[2]. (Doc. 385 at 2-3.) Plaintiff argues that the Court should deny Del Webb's motion or reduce the amount Del Webb requests, on grounds that Del Webb seeks an award of excessive and unreasonable fees and costs. (Doc. 388 at 11.)

Plaintiff first argues that Del Webb's requested award should be reduced by $97,514.50, representing the amount of fees incurred by counsel in Michigan related to Plaintiff's attempt to obtain class certification. (Doc. 388 at 12-13.) Plaintiff contends first

---

[2] The Court notes that Del Webb has also moved to amend the Clerk's Judgment on Taxation of Costs (Doc. 386), for award of non-taxable costs pursuant to Rule 54(d), Fed. R. Civ. P., and 28 U.S.C. § 1919. (Doc. 387.) Plaintiff objects, arguing that Del Webb may not recover non-taxable costs. (Doc. 391) Del Webb's motion on this issue remains pending, and will be addressed in a separate order.

- 6 -

1  that the fees for Michigan counsel should be denied because that counsel is not licensed to
2  practice in Arizona and was not admitted *pro hac vice* to practice before this Court, citing
3  LRCiv 83.1(b). (Doc. 388 at 12.) Plaintiff's argument on this point is without merit, as Del
4  Webb's Michigan counsel did not practice in this District, but merely performed consulting
5  work for Del Webb in assisting with its responses to some of the more complex motions
6  litigated by the parties in this case.

7  Plaintiff contends further that the work performed by Michigan counsel was
8  duplicative and unnecessary, a fact Plaintiff asserts is readily apparent from the respective
9  affidavits of Del Webb's Arizona counsel and Michigan counsel. (Id. at 13.) Del Webb
10 avers that the time spent by Michigan counsel was valuable and not duplicative. Del Webb
11 states in its motion that "[g]iven the importance of this case and certification issue, Del Webb
12 elected to retain counsel in Michigan, who is experienced in class action and product liability
13 litigation." (Doc. 385 at 11.) Michigan counsel also details in his affidavit concerning the
14 requested fees where and how he reduced his firm's billing for duplicative work. (Doc. 385-
15 13 at 10-12.)

16 Having reviewed the affidavits and billing statements of Del Webb's local counsel and
17 the corresponding affidavits of the consulting Michigan counsel, the Court finds that the
18 requested fees are not duplicative or unreasonable. This case presented Del Webb with the
19 need to respond to complex issues concerning class certification, and Plaintiff does not
20 establish that Del Webb acted unreasonably in hiring Michigan counsel to perform consulting
21 work in connection with some of the large and complicated motions litigated in this suit.
22 Accordingly, Plaintiff's objection to the fees for Michigan counsel are unfounded.

23 Finally, Plaintiff objects to Del Webb's requested award on grounds that it would be
24 inequitable. (Doc. 388 at 14.) Plaintiff argues that he was the sole representative of a
25 putative class consisting of 694 members, and that it would be unjust for him to bear the full
26 attorney fees alone. Thus, according to Plaintiff, any fee award should be reduced to
27 comport with the class-action nature of the case, and be apportioned equally amongst all 694
28 homes. (Doc. 388 at 17.) Thus, Plaintiff submits that he should at most be liable for 1/64

1  of Del Webb's total requested awards, an amount totaling $935.30.  (Id.)

2  The Court, while sympathetic to Plaintiff's position as the sole plaintiff in what was
3  intended to be a class-action suit, cannot agree with Plaintiff's proposed reduction in Del
4  Webb's attorney fees.  While it is true that Plaintiff sought to be a class representative, the
5  fact remains that no class was certified in this suit, and that Plaintiff alone bears the
6  responsibilities attendant with filing this lawsuit. Plaintiff offers no legal authority in support
7  of his contention that the Court may unilaterally reduce Del Webb's fee request to accord
8  with what *would have* been a pro-rata share for each class-member if the class had been
9  certified.  Nor does Plaintiff offer any authority in support of his contention that a court
10 evaluating a fee award pursuant to the PDA should take into account the financial condition
11 of the non-moving party.

12 Thus, the only question that remains for the Court is whether Del Webb's requested
13 fees are reasonable.  Plaintiff offers no specific objections to Del Webb's requested fees,
14 other than the objections to Michigan counsel's fees, which the Court addressed above. After
15 reviewing Del Webb's motion for fees and accompanying affidavits and billing statements,
16 the Court finds that the requested fees are reasonable.  This suit was brought by Plaintiff in
17 February of 2011, and litigation was ongoing for over nearly two years. Discovery involved
18 the use of numerous experts by both Plaintiff and Del Webb, thousands of pages of
19 documents, and extensive motions practice.  Over the course of litigation, Del Webb's
20 investment of approximately 100 hours per month was reasonable, and Plaintiff makes no
21 argument that either the hours or hourly rate claimed by Del Webb's counsel are
22 unreasonable.

23 Therefore, the Court finds that Del Webb is entitled to an award of attorney fees
24 pursuant to A.R.S. § 12-1364, and that the requested fees are reasonable. The Court will thus
25 grant Del Webb's motion.

26 **CONCLUSION**

27 Accordingly, for the foregoing reasons,

28 **IT IS HEREBY ORDERED granting** the Motion for Attorneys' Fees, Expert Fees,

- 8 -

1  and Non-taxable Expenses.  (Doc. 374.)

2  　　　　The Clerk of Court is hereby directed to enter judgment against Plaintiff in favor of
3  Defendants/Third-Party Plaintiffs Del Webb Communities, Inc., Del Webb Home
4  Construction, Inc., Pulte Home Corporation, Pulte Development Corporation, and Del Webb
5  Corporation, in the amount of $672,503.18.

6  　　　　DATED this 30th day of September, 2013.

　　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　　Stephen M. McNamee
　　　　　　　　　　　　　　　　Senior United States District Judge